UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HUGH HEATH,

         Plaintiff,     **PLAINTIFF'S FIRST**
 -against-          **AMENDED COMPLAINT**

NEW YORK CITY HEALTH AND HOSPITALS  14 CV 2963 (FB) (LB)
CORPORATION, a municipal corporation,
SERGEANT ROGER BISHOP (TAX 100943),  **JURY TRIAL DEMANDED**
LIEUTENANT DMITRY KRUZHKOV,
OFFICER KENNETH TROWER, and
OFFICER ANGEL MELENDEZ,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  Plaintiff, Hugh Heath, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

  1. At all times hereinafter mentioned, plaintiff, Hugh Heath, was an adult male resident of Kings County, within the State of New York.

  2. At all relevant times hereinafter mentioned, defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

  3. At all relevant times hereinafter mentioned, defendant, Police Officer Roger Bishop (Tax 100943), was an adult male employed as an HHC officer by the defendant HHC and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant HHC. Upon information and belief, at all relevant times

hereinafter mentioned, Defendant Bishop was assigned to work at Kings County Hospital ("KCH") and/or Squad 4C of HHC.  Defendant Bishop is sued herein in his official and individual capacities.

        4.      At all relevant times hereinafter mentioned, defendant, Lieutenant Dmitry Kruzhkov, was an adult male employed as an HHC Lieutenant by the defendant HHC and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant HHC.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Kruzhkov was assigned to work at Kings County Hospital ("KCH") and/or Squad 4C of HHC.  Defendant Kruzhkov is sued herein in his official and individual capacities.

        5.      At all relevant times hereinafter mentioned, defendant, Police Officer Kenneth Trower, was an adult male employed as an HHC officer by the defendant HHC and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant HHC.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Trower was assigned to work at Kings County Hospital ("KCH") and/or Squad 4C of HHC.  Defendant Trower is sued herein in his official and individual capacities.

        6.      At all relevant times hereinafter mentioned, defendant, Police Officer Angel Melendez, was an adult male employed as an HHC officer by the defendant HHC and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant HHC.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Melendez was assigned to work at Kings County Hospital ("KCH") and/or Squad 4C of HHC.  Defendant Melendez is sued herein in his official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff resides, and where the majority of the actions complained of herein occurred.

9. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

10. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

12. On September 10, 2013 (the "Date of the Arrest"), at about 7:30 p.m., plaintiff was lawfully present on Clarkson Street at or near its intersection with East 38th Street in the County of Kings, City and State of New York (the "Scene of the Arrest").

13. The Scene of the Arrest was in front of Kings County Hospital.

14. At or about this time, defendant Kruzhkov and one of the other individual defendants arrived on duty and in an HHC police vehicle.

15. These two defendants pulled their vehicle onto the sidewalk in front of plaintiff, almost striking plaintiff with their vehicle.

16. The defendants then exited their vehicle.

17. Plaintiff advised the defendants that they almost struck him with their vehicle.

18. Despite the fact that plaintiff was not involved in any suspicious or illegal activity, the defendants responded to plaintiff, in sum and substance, that they could "lock [plaintiff] up."

19. In response, plaintiff asked the defendants what they could possibly arrest him for, since he was not engaged in any suspicious or illegal activity.

20. Without any legal justification or excuse, the defendants then threw plaintiff on the ground and handcuffed him excessively tightly.

21. Plaintiff was not engaged in any suspicious or illegal activity, and there was no legal basis or justification for the defendants to approach and detain plaintiff.

22. At no time did plaintiff resist arrest or engage in any violent or threatening

behavior.

23. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

24. The search yielded no evidence of any guns, drugs, or contraband.

25. The defendants also struck plaintiff with their fists and batons.

26. The defendants continued to strike plaintiff even after he was in handcuffs.

27. Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were beating and arresting him, and received no response.

28. At some point during the assault, the two remaining individual defendants arrived on the scene and restrained plaintiff as he was being assaulted.

29. Defendants Bishop, Kruzhkov, Melendez, and Trower continued to assault plaintiff.

30. Plaintiff was formally arrested and placed in the defendants' vehicle.

31. The defendants then drove plaintiff to the holding station inside of Kings County Hospital.

32. While in custody, plaintiff repeatedly informed the defendants that the handcuffs were too tight and were causing him pain.

33. Plaintiff was held there for several hours in handcuffs before he was released with a summons falsely accusing him of disorderly conduct, issued by defendant Bishop.

34. Plaintiff was forced to make a court appearance pursuant to these allegations before he acceded to an adjournment in contemplation of dismissal.

5

35. The factual allegations sworn to by defendant Bishop in support of the summons against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

36. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

37. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

38. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

39. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore alleged misconduct engaged in against plaintiff.

40. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

41. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's and HHC's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

42. Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

43. At no time did defendants have any legal basis for arresting, imprisoning or prosecuting plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

44. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

45. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

46. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

48. Plaintiff repeats the allegations contained in the foregoing paragraphs as though stated fully herein.

49. As a result of the failure to properly recruit, screen, train, supervise and discipline its police officers, including defendant officers, defendant HHC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

50. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and HHC officials pursuant to customs, policies, usages, practices, procedures and rules of the City and HHC, all under the supervision of ranking officers of the HHC.

48. The HHC has not only tolerated, but actively fostered a lawless atmosphere but was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

49. By reason thereof, defendant HHC has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

50. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

51. Plaintiff was subjected to assault, battery, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

52. At no time did defendants have any legal basis for arresting plaintiff, subjecting him to excessive force, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

53. The defendants are therefore liable under New York law to plaintiff for assault, battery, false arrest, excessive force, malicious prosecution, denial of due process and fair trial.

54. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

55. Defendant HHC is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii.    On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    iii.    On the Second Cause of Action, damages in a substantial sum of money against HHC in an amount to be determined at trial;

    iv.    On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    v.    On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    vi.    On the Third Cause of Action, damages in a substantial sum of money against HHC in an amount to be determined at trial;

    vii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

      viii.    such other relief as the Court deems just and proper.


Dated: Brooklyn, New York
       November 6, 2014


                                  By:      /s/
                                         Jessica Massimi (JM-2920)
                                         Reibman & Weiner
                                         Attorneys for Plaintiff
                                         26 Court Street, Suite 1808
                                         Brooklyn, New York 11242
                                         718-522-1743